UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DONALD J. COON, JR.,

                 Plaintiff,

      v.                                                 1:07-CV-1115
                                                                (GLS)(RFT)

TRUSTCO BANK CORP.; TD-BANKNORTH, INC.;
and SOCIAL SECURITY ADMINISTRATION,

                 Defendants.

APPEARANCES:                    OF COUNSEL:

DONALD J. COON, JR.[1]
Plaintiff, *pro se*

GARY L. SHARPE
U.S. District Judge

## DECISION and ORDER

**I.    Background**

Presently before the Court is a *pro se* complaint filed by plaintiff Donald J. Coon, Jr., together with an *in forma pauperis* application.[2] Dkt. Nos. 1-2. In his *pro se* complaint, Coon claims that, after he directed the Social Security Administration to stop direct deposits of all of his Social Security checks into Trustco Bank Corp., it "negligently" failed to do so.

---

[1] The Court notes that Coon has filed numerous prior actions in this Court. *See, e.g.,* 1:96-CV-1230, 1:96-CV-1251, 1:98-CV-0066, 1:00-CV-1158, 7:01-CV-1459, 7:02-CV-0089, 7:02-CV-0177, 1:03-CV-228, 1:03-CV-777, 1:05-CV-767, and 1:06-CV-925.

[2] The complaint was transferred to this District from the Southern District of New York by Order of United States District Judge Kimba M. Wood. Dkt. No. 3.

Dkt. No. 2 at 3-4. Coon alleges that Trustco Bank Corp. improperly levied fees against Coon's exempt social security funds. *Id.* at 2-3. Finally, Coon alleges that TD-Banknorth, Inc. accepted for deposit a post-dated check written on Coon's account one week before the check was dated, resulting in Coon's bank account being overdrawn. *Id.* at 4-5. Plaintiff seeks monetary damages. For a more complete statement of Coon's claims, refer to the complaint.

## II.  Discussion

Turning to Coon's *in forma pauperis* application, the Court finds that Coon may properly commence this action *in forma pauperis* because Coon sets forth sufficient economic need. Dkt. No. 1.

Since the Court has found that Coon meets the financial criteria for commencing this action *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B).[3]  Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[4] *See id.*  Although the court has a duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)(per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (District Court may dismiss frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. Herkimer County*, 35 F.3d 77, 82 (2d Cir. 1994) (District Court has power to dismiss case *sua sponte* for failure to state a claim).

---

[3] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[4] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

### A.   Social Security Administration

Coon's complaint against the Social Security Administration may, in part, be filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67 (2001) (discussing the origin of *Bivens* claims).  However, a plaintiff must assert a *Bivens* claim against an officer individually, not against the agency itself or the United States*.  See Carlson v. Green*, 446 U.S. 14, 21 (citations and footnote omitted).  A "Bivens action may not be brought against the United States or agencies of the United States." *Saber v. Social Security* Administration, No. CV 05-373-HU, 2005 WL1566645, at *3 (D.Ore. June 23, 2005) (dismissing *Bivens* action against the Social Security Administration) (*citing FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (no *Bivens* cause of action for damages against federal agencies); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir.1995) (no *Bivens*-type claim exists against the United States).  Thus, Coon's *Bivens* claims against the Social Security Administration must be dismissed.

Even if Coon had named an individual federal official as a defendant herein, Coon's action would still be dismissed.  Courts are generally hesitant

to extend the reach of *Bivens* actions when "the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration...." *Schweiker v. Chilicky*, 487 U.S. 412, 423. (1988).

The Social Security Act sets forth an elaborate scheme of remedial mechanisms. The Social Security Act makes no provisions for remedies in money damages from officials whose conduct leads to wrongful denial of benefits. *Chilicky*, 487 U.S. at 424. In *Chilicky*, the Supreme Court concluded that because the Congressional scheme for dealing with social security disability claims provides comprehensive safeguards and remedies to claimants under the system, an implied *Bivens* action for further damages should not lie. *Chilicky*, 497 U.S. at 425-27.

Moreover, Coon is advised that because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are barred under the doctrine of sovereign immunity, unless such immunity is waived. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a

5

suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."); *see also Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988) ("the purpose of Bivens is to deter the officer" and "[a]n extension of Bivens to agencies of the Federal Government is not supported by the logic of Bivens").  Coon has not established that sovereign immunity has been in any way waived for this defendant.

For all of the foregoing reasons, Coon's complaint fails to state a claim against the Social Security Administration upon which relief may be granted. The Social Security Administration is therefore dismissed as a defendant.

### B. TD-Banknorth, Inc.

Coon's only claim against TD-Banknorth, Inc. is that it paid a post-dated check one week early, resulting in Coon's account being overdrawn.[5] Dkt. No. 2 at 4-5.  Although plaintiff may have a claim to assert in state court, a review of this claim reveals no basis for federal court jurisdiction. Coon has not raised a federal question with respect to TD-Banknorth, Inc., nor is there diversity jurisdiction in this action.[6]  Defendant TD-Banknorth,

---

[5] The check was written by Coon payable to David and Annette Loomis, and was dated July 1, 2007.  Dkt. No. 2 at 4.  Coon alleges that TD Banknorth, Inc. paid the check one week early, on June 24, 2007.  *Id.*

[6] Diversity jurisdiction requires that "all of the adverse parties in a suit ... be completely diverse with regard to citizenship." *Handelsman v. Bedford Village Associates*

6

Inc. is not a state actor which might give rise to jurisdiction under 42 U.S.C. § 1983. Accordingly, TD-Banknorth, Inc. is dismissed as a defendant.

WHEREFORE, it is hereby

ORDERED, that the Social Security Administration and TD-Banknorth, Inc. are **DISMISSED** as a defendants to this action for the reasons stated above, and it is further

ORDERED, that Coon's *in forma pauperis* application (Dkt. No. 1) is **GRANTED**.[7]  The Clerk shall issue a summons and forward it, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the remaining defendant Trustco Bank Corp., and it is further

ORDERED, that the Clerk schedule a Rule 16 conference before the assigned magistrate judge, and it is further

ORDERED, that a formal response to Coon's complaint be filed by

---

*Limited Partnership*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir.1998) (other citations omitted). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotation marks omitted).

[7] Coon should note that although the application to proceed *in forma pauperis* has been granted, Coon will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

the defendant or its counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendant, and it is further

ORDERED, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk, to the party that sent it.  Coon shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District, and it is further

ORDERED, that the Clerk serve a copy of this Order on Coon in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:    November 15, 2007

Gary L. Sharpe
U.S. District Judge