**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DONALD J. COON, JR.,**

              **Plaintiff,**         **1:07-CV-1115**
                                                                **(GLS/RFT)**
        **v.**

**TRUSTCO BANK CORP.,**

              **Defendant.**
_____

**DONALD J. COON, JR.,**

              **Plaintiff,**         **1:08-CV-177**
        **v.**                                        **(GLS/RFT)**

**ANDREW C. KELLY; TD BANKNORTH,**
**INC.,**

              **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

DONALD J. COON, JR.
*Pro Se*
P.O. Box 211
Whitehall, NY 12887

**FOR TRUSTCO BANK CORP.[1]:**

Overton, Russell Law Firm                    THOMAS R. MCCORMICK, ESQ.
19 Halfmoon Executive Park Drive
Clifton Park, NY 12065

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Background

Due to Coon's repeated failure to follow procedural rules, and a multitude of corresponding strike orders, the progression of these actions has been convoluted. Accordingly, some background information is in order to lend clarity to the court's subsequent discussion.

Coon initially filed his 1:07-CV-1115 action, together with an *in forma pauperis* application, against Trustco Bank Corp. ("Trustco"), TD-Banknorth, Inc. and the Social Security Administration. (See Dkt. No. 2) In essence, Coon alleged that Trustco improperly used SSI funds directly deposited into his Trustco bank account to satisfy unpaid overdrafts and bank fees. *Id.* He further alleged that TD-Banknorth caused such fees to be incurred by paying a post-dated check early, and that the Social

---

[1] Trustco Bank Corp. is the only defendant with an appearance on record in either action.

2

Security Administration failed to cease direct deposits to his Trustco account despite his demands that it do so.

In granting Coon leave to proceed *in forma pauperis* in his initial action, the court *sua sponte* dismissed TD-Banknorth and the Social Security Administration under the doctrine of sovereign immunity and for lack of jurisdiction. (See Dkt. No. 5) The court further ordered Trustco to answer Coon's complaint, which it did on January 11, 2008. Subsequently, Trustco filed its currently pending motion to dismiss on January 28, 2008. (See Dkt. Nos. 7, 8, 12)

Despite Trustco's answer, Coon filed and served an amended complaint upon Andrew C. Kelly, Esq. ("Kelly") and officials with TD-Banknorth and Trustco without seeking leave of the court, as required by FED. R. CIV. P. 15(a). (See Dkt. No. 9) Accordingly, Magistrate Judge Randolph F. Treece struck the amended complaint and attendant affidavits of service. (See Dkt. No. 10, 11) In the interim, however, Kelly filed an answer to Coon's amended complaint and a cross-claim against Trustco. (See Dkt. No. 14) Trustco responded with an answer to Kelly's cross-claim. (See Dkt. No. 21) Attempting to halt the flurry of pleadings Coon had provoked, Judge Treece struck Kelly's cross-claim and answer. (See

3

Dkt. No. 15, 20)  Trustco's answer to Kelly's voided cross-claim was also stricken.  (See Dkt. No. 24)

Various other vague motions by Coon- seeking reconsideration of unspecified orders, Judge Treece's recusal, summary judgment against persons not named to the action and a default judgment against TD-Banknorth- were all denied.  (See Dkt. Nos. 23, 25, 26, 27)

Coon subsequently filed a motion for reconsideration which again sought leave to amend his complaint to join Kelly and TD-Banknorth as defendants to the action or, in the alternative, leave to appeal the court's refusal to allow such joinder.  (See Dkt. No. 28)  However, before the court could address this motion, Coon filed a motion to strike virtually everything on the docket.  (See Dkt. No. 29)  In conjunction with this motion Coon commenced a new action against Kelly and TD-Banknorth, asserting claims arising out of incidents which were the subject matter of his initial action.  (See 1:08-CV-177)  After commencing this new action, Coon moved for summary judgment against Kelly.  (See 1:08-CV-177, Dkt. No. 3)

Presently, the court addresses the following motions in 1:07-CV-1115: 1) Trustco's motion to dismiss (Dkt. No. 12); 2) Coon's motion for

4

reconsideration/leave to appeal/leave to amend his complaint (Dkt. No. 28) and 3) Coon's motion to strike. (Dkt. No. 29)  Additionally, the court addresses *sua sponte* the propriety of Coon's newly filed action against TD-Banknorth and Kelly (1:08-CV-177, Dkt. No. 1), and his corresponding motion for summary judgment against Kelly. (1:08-CV-177, Dkt. No. 3)

## II. Discussion

### A. Trustco's Motion to Dimiss

The court has previously addressed the standard for dismissal pursuant to a motion to dismiss, and need not repeat that standard here. For a full discussion of the standard, the court refers the parties to its decision in *Price v. New York State Board of Elections,* No. 06-cv-1083, 2007 WL 3104327, at *4 (N.D.N.Y. Oct. 22, 2007).

Trustco asserts that Coon's claims against it must be dismissed under the Ninth Circuit case of *Lopez v. Washington Mut. Bank, F.A.*, 302 F.3d 900 (9th Cir. 2002), which is factually identical to the current case. The plaintiffs in *Lopez* opened bank accounts into which their Social Security and SSI benefits were deposited.  *Id.* at 902.  When their accounts became overdrawn the bank used these benefits to satisfy overdraft fees. *Id.* at 903.  The plaintiffs then brought suit, alleging that the bank's actions

5

were improper under 42 U.S.C. §§ 407(a)[2], as well as under California law. The Ninth Circuit dismissed the action stating:

> In this case, the plaintiffs voluntarily opened an account with the bank and executed an account holder agreement which outlined the terms and conditions of the bank's overdraft policies. They also established a direct deposit for their benefits (an agreement to which Washington Mutual was not a party). The plaintiffs remained free at all times to close their account or change their direct deposit instructions.  Because they did not do so, Washington Mutual argues, each deposit to the account after an overdraft should be treated as a voluntary payment of a debt incurred.  We agree.

*Id.* at 904; *see also Frazier v. Marine Midland Bank, N.A.*, 702 F. Supp. 1000, 1002-04 (W.D.N.Y. 1988) (upholding bank's appropriation of plaintiff's social security deposits to satisfy debt).  *But see Tom v. First American Credit Union*, 151 F.3d 1289 (10th Cir. 1998) (holding the opposite).  Trustco urges the court to adopt this reasoning, and hold that it acted properly in appropriating portions of Coon's government assistance deposits to satisfy bank fees.

In response to Trustco's motion, Coon has presented general objections to the injustice of the overdraft charges, the wrongful acts

---

[2]42 U.S.C. §§ 407(a) provides that "[t]he right of any person to any future payment [of social security insurance benefits] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

committed by Kelly and TD-Banknorth, and the court's bias against him. (See Dkt. Nos. 22, 31) However, he has in no way addressed the substance of Trustco's argument, or shown cause why this court should not adopt the reasoning of *Lopez*.

The court finds *Lopez* convincing. As in that case, Coon voluntarily opened an account with Trustco. One of the terms of that account was that Trustco could "take certain funds from any of [Coon's] accounts at any time to pay certain debts [owed] that [were] due and payable." (Ex. Part 1; Dkt. No. 12:3) It further provided that Trustco would not be liable for the early payment of post-dated checks. *Id*. If Coon was unhappy with these terms, or the use of his Social Security benefits to pay bank fees due, he had the unfettered ability to close his account. Coon failed to do so. As such, Trustco was fully entitled to enforce the terms of its agreement with Coon by deducting unpaid overdraft fees from Social Security funds deposited to his account. Accordingly, the court adopts *Lopez*, finds that Coon has failed to state a cognizable claim against Trustco and dismisses all claims against it.

Coon's remaining motions in connection with his 1:07-CV-1115 action (Dkt. Nos. 28, 29) are denied as moot, frivolous and incoherent.

## B.     Coon's New Action Against TD-Banknorth and Kelly

In an apparent attempt to bypass the court's refusal to allow Kelly and TD-Banknorth's joinder as defendants in his initial 1:07-CV-1115 action, Coon has filed a new action against them; 1:08-CV-177.  He has also filed a motion to proceed in this action *in forma pauperis* (1:08-CV-177, Dkt. No. 2) and a motion for summary judgment against Kelly (1:08-CV-177, Dkt. No. 3).[3]

Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement, prosecution, or defense of any suit, action or proceeding without the pre-payment of fees.  In this case, the court has reviewed plaintiff's application to proceed *in forma pauperis* and finds that he has met the statutory requirements and has submitted the appropriate Authorization form for the collection of fees.  Plaintiff is, therefore, granted permission to proceed *in forma pauperis*.

Since the Court has found that Coon meets the financial criteria for commencing his new action *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the complaint in light

---

[3] The court also notes that Coon filed a letter on April 17, 2008 which, aside from the usual assaults on the court's character, demands that the court rule on his motion for summary judgment.  (1:08-CV-177, Dkt. No. 4)

8

of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[4] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[5] *See id.* Although the court has a duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)(per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald*

---

[4] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis in either law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

[5] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

9

*v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (District Court may dismiss frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. Herkimer County*, 35 F.3d 77, 82 (2d Cir. 1994) (District Court has power to dismiss case *sua sponte* for failure to state a claim).

### 1. TD-Banknorth

The allegations against TD-Banknorth in Coon's newly filed action are substantially identical to those raised in his prior action.  For instance, he realleges that TD-Banknorth paid a post-dated check early, thus causing Coon to incur overdraft fees.  (1:08-CV-177, Dkt. No. 1 at 2-3)  However, Coon has also raised some new allegations.  He now contends that TD-Banknorth improperly reported him to Chex Systems, Inc., a consumer reporting agency, for the "illegal banking" done by his ex-wife.  Coon argues that this action violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*  (1:08-CV-177, Dkt. No. 1 at 3, 5-6)

The FCRA is a statutory tool used for enforcing the accuracy, fairness and privacy of information held and reports issued by credit reporting agencies.  *See* 15 U.S.C. § 1681.  Such concerns are in no way implicated by TD-Banknorth's payment of a post-dated check.  Additionally,

10

TD-Banknorth cannot be held liable for furnishing negative financial information about Coon to Chex Systems, Inc. The FCRA applies to consumer reporting agencies, not banks which supply information to such agencies based on their own transactions with consumers. *See Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1579-80 (11th Cir. 1988), cited with approval in *DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir. 1994). As such, Coon has failed to state a claim under the FCRA. The court can discern no other federal question in his claims against TD-Banknorth.

To the extent Coon may be relying on diversity jurisdiction to assert claims in this action, the court notes that both Coon and defendant Kelly are citizens of New York, precluding resort to that jurisdictional base. *See Wis. Dep't Corrs. v. Schacht*, 524 U.S. 381, 388 (1998) (every plaintiff must be of diverse state citizenship from every defendant to invoke diversity jurisdiction). Accordingly, Coon has failed to state a cognizable claim against TD-Banknorth and this defendant must be dismissed.

### 2. **Kelly**

Discerning the basis for the suit against Kelly is a more challenging task. It would seem Kelly represented Coon in an automobile accident in which Coon was hurt. (1:08-CV-177, Dkt. No. 1 at 3) Apparently Coon

11

was less than enamored with Kelly's services, as he now alleges that Kelly coerced him into signing a power of attorney while he was recovering from his injuries, mismanaged Coon's settlement and improperly paid some of the settlement to Coon's ex-wife. *Id.* at 4-5.

Whatever the factual basis may be for Coon's grievance against Kelly, the court can discern no federal question arising out of the claims, which appear to sound in simple legal malpractice. Further, as noted above, there is no indication of diversity between the parties. As such, Coon's claims against Kelly must also be dismissed. Correspondingly, Coon's motion for summary judgment (1:08-CV-177, Dkt. No. 3) against Kelly is denied, in light of Coon's failure to assert a federally cognizable claim.

### 3. Consequence of Coon's Inadequate Complaint

Upon the dismissal of an inadequate complaint, it is often appropriate to grant a *pro se* litigant leave to file an amended complaint, in lieu of dismissing his entire action. *See, e.g., Cooke v. Stern*, Nos. 9:07-CV-1292, 9:08-CV-0074, 2008 WL 238515 (N.D.N.Y. Jan. 28, 2008). However, such a course is not called for in the present instance.

Initially, the court notes that the complaint in Coon's 1:08-CV-177

12

action is virtually identical to the two complaints filed in 1:07-CV-1115. All of these complaints are largely incoherent and unmeritorious. There is no reason to believe a fourth complaint will remedy this defect. In addition, Coon has shown a propensity for filing a multitude of generally frivolous actions. (See, e.g., 1:96-CV-1230, 1:96-CV-1251, 1:98-CV-0066, 1:00-CV-1158, 7:01-CV-1459, 7:02-CV-0089, 7:02-CV-0177, 1:03-CV-228, 1:03-CV-777, 1:05-CV-767 and 1:06-CV-925)  He appears unable to state a claim cognizable for federal review.  Thus, while the court recognizes the leeway which must be given *pro se* litigants, it seems apparent that the only result to be expected on Coon's current allegations is a waste of judicial resources.  As such, the court declines to grant Coon leave to file an amended complaint in 1:08-CV-177, and instead dismisses the action with prejudice.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendant Trustco Bank Corp.'s motion to dismiss (Dkt. No. 12) in 1:07-CV-1115 is **GRANTED** and the complaint is dismissed; and it is further

**ORDERED** that plaintiff Donald J. Coon, Jr.'s pending motions (Dkt.

13

Nos. 28 & 29) in 1:07-CV-1115 are **DENIED** as moot, incoherent and frivolous; and it is further

**ORDERED** that the Clerk of the Court enter judgment in favor of defendant Trustco Bank Corp. and against plaintiff Donald J. Coon, Jr. in 1:07-CV-1115 and close the case; and it is further

**ORDERED** that plaintiff Donald J. Coon, Jr.'s motion to proceed in forma pauperis (Dkt. No. 2) in 1:08-CV-177 is **GRANTED**; and it is further

**ORDERED** that plaintiff Donald J. Coon, Jr.'s complaint in 1:08-CV-177 is dismissed for lack of jurisdiction and pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED** that plaintiff Donald J. Coon, Jr.'s motion for summary judgment (Dkt. No. 3) in 1:08-CV-177 against defendant Andrew C. Kelly is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court enter judgment in favor of defendants Andrew C. Kelly and TD-Banknorth, Inc., and against plaintiff Donald J. Coon, Jr. in 1:08-CV-177 and close the case, and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

14

**IT IS SO ORDERED.**

Dated: May 16, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge